# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF ILLINOIS; ILLINOIS DEPARTMENT OF LABOR; JANE FLANAGAN, Director of the Illinois Department of Labor, in her Official Capacity; KWAME RAOUL, Illinois Attorney General, in his Official Capacity,<br><br>    Defendants. | No. 1:25-cv-04811<br><br>Honorable Judge Sharon Johnson Coleman |

## NOTICE OF ERRATA TO PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff respectfully submits this errata in relation to its Reply in Support of its Motion for Preliminary Injunction and Opposition to Defendants' Motion to Dismiss filed on July 14, 2025 (ECF No. 30), in order to correct an inadvertent error. Specifically, Plaintiff inadvertently placed quotation marks in the first sentence of the following paragraph, which appears on ECF Page 21:

> Curiously, Defendants also simultaneously argue that the Plaintiff should have taken additional time to obtain evidence to meet its burden. ECF No. 26 at 33. While the burdensome creation of statistics may be helpful, "such evidence is not required for a party to meet its burden to show that a preliminary injunction is warranted." *HH-Indianapolis, LLC v. Consol. City of Indianapolis & Cty. of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018); *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018). As explained, all Plaintiff must do is demonstrate that the challenged provisions are preempted by federal law. Plaintiff has done so.

Attached to this Notice will be a corrected version of the Plaintiff's Reply, with the following modified paragraph in order to correct the above error:

> Curiously, Defendants also simultaneously argue that the Plaintiff should have taken additional time to obtain evidence to meet its burden. ECF No. 26 at 33. While the burdensome creation of statistics may be helpful, such evidence is not required for a party to meet its burden to show that a preliminary injunction is warranted. As explained, all Plaintiff must do is demonstrate that the challenged provisions are preempted by federal law. *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 547 (7th Cir. 2020) (noting that while a preliminary injunction was appropriate based on a strong likelihood of federal preemption, the district court's injunction was too broad and directing the court to evaluate on remand "whether Indiana's law violates the express preemption clause of the Farm Bill while keeping in mind the extent to which the Law reserves to the states the authority to regulate the production of industrial hemp."); *HH-Indianapolis, LLC v. Consol. City of Indianapolis & Cty. of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (noting that the likelihood of success requirement only requires a showing that the claim's chance of success are "better than negligible") (internal citation and quotations omitted); *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (noting that "[a] party moving for preliminary injunctive relief need not demonstrate a likelihood of absolute success on the merits. Instead, he must only show that his chances to succeed on his claims are better than negligible.") (internal quotations and citations excluded). Plaintiff has done so.

The corrected Reply contains no other changes. Plaintiff apologizes for the oversight. Plaintiff asks that the Court accept the attached version as a timely filed Reply and replace ECF No. 30 with the attached version.

DATED: August 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

TIBERIUS DAVIS
Counsel to Assistant Attorney General

ELIANIS N. PÉREZ
Assistant Director
Office of Immigration Litigation
General Litigation and Appeals Section

NICOLE P. GRANT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section

VICTORIA TURCIOS
AYSHA IQBAL

Trial Attorneys
Office of Immigration Litigation
General Litigation and Appeals Section

By: s/ Luz Maria Restrepo
LUZ MARIA RESTREPO
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
Ben Franklin Station
P.O. Box 868
Washington, DC 20044
Telephone: (202) 598-2443
Fax: (202) 305-7000
Email: luz.maria.restrepo@usdoj.gov

*Attorneys for the United States*